UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUEL GUILLORY,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>Defendants. | Case No. 25-cv-00084-WHO<br><br>**ORDER DENYING PRELIMINARY INJUNCTION REQUEST**<br><br>Re: Dkt. Nos. 15, 23 |

Pro se plaintiff Andrew Samuel Guillory ("Guillory") filed this action on January 3, 2025, against his parole officer, defendant Carlos De Jesus, and the Division of Adult Parole Operations, which is actually a Division within the California Department of Corrections and Rehabilitation (the "CDCR"), (together, the "Contra Costa defendants"), challenging the condition of his parole that requires him to participate in a sex offender group facilitated by the Hope Program.[1] Guillory now asks for preliminary injunctive relief; he seeks a "stay order, preliminary injunction, or temporary restraining order" preventing the defendants from enforcing the challenged condition of

---

[1] Guillory also named the Hope Program as a defendant. It was served with the Summons and Complaint on March 25, 2025, and failed to appear or otherwise respond by the time prescribed by the Federal Rules of Civil Procedure. The Clerk has entered a notice of Entry of Default. Dkt. No. 25.

In his initial complaint, Guillory named Contra Costa County, De Jesus, and the Hope Program as defendants. As part of the order granting Guillory's motion to proceed in forma pauperis and directing Guillory to amend his complaint, Magistrate Judge Thomas Hixson also directed Guillory to clarify who the defendants were in this case, because Guillory pleaded no facts that supported a claim against Contra Costa County. *See* Dkt. No. 7. In a responsive statement, Guillory clarified that the defendants are "Contra Costa Parole," De Jesus, and the Hope Program. *See* Dkt. No. 8. The Contra Costa parole office is a field office within the CDCR out of which the Division of Adult Parole Operations operates in Contra Costa County. It is located at 1957 Parkside Dr. Suite 100 in Concord, CA. Guillory served the amended complaint on "Contra Costa County Parole," at that address, *see* Dkt. No. 10, and counsel for the Contra Costa defendants entered their appearance on behalf of Parole Officer De Jesus and the Division of Adult Parole Operations, *see* Dkt. No. 26 (Opposition to Preliminary Injunction Motion).

his parole. Dkt. Nos. 15, 23. He believes that the condition mandating that he attend the Hope Program and participate in sex offender treatment classes constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution because it forces him to disclose what he says was a "juvenile adjudication" in front of "convicted child molesters." He analogizes this to having a "child interact with child molesters." Dkt. No. 23-1 (Amended Preliminary Injunction Request).[2]

Guillory's allegations do not support the relief he seeks. As pleaded, his claims do not appear likely to prevail on the merits. The Contra Costa defendants are immune from them: Under clear Ninth Circuit authority, his parole officer is entitled to absolute immunity from the claims challenging the condition of his parole, and the Division of Adult Parole Operations is immune under the Eleventh Amendment. Moreover, Guillory has not pleaded facts supporting the allegation that his mandated participation in a sex offender treatment program constitutes cruel and unusual punishment under the Eighth Amendment. Guillory is on parole for a violation of California Penal Code section 290.012(a), having failed to register as a sex offender after being convicted of "at least one count of Attempted Rape" in 1995. He does not contest that he failed to register as a sex offender. California Penal Code section 290 requires his participation in a Sex Offender Treatment Program. Accordingly, the condition of parole Guillory challenges—that he attend a sex offender treatment program—is likely reasonable, particularly in light of the broad deference afforded to parole offices determining such conditions. Furthermore, the other factors courts weigh when considering requests for preliminary injunctions weigh against him. His motion is denied.[3]

---

[2] Guillory first requested a preliminary injunction or TRO in the context of opposing the defendants' request for more time to respond to his complaint. *See* Dkt. No. 15 (Motion for Temporary Restraining Order or a Preliminary Injunction; Opposition/Response (re Motion for Extension of Time)). After I set a briefing schedule and hearing date for his TRO request, Guillory filed an *amended* preliminary injunction request, which he says corrects "errors and omissions" and "clarifies the laws relevant to this case." Dkt. No. 23 (Amended Request). The defendants had the opportunity to consider the amended document before they filed their response. Accordingly, I will accept the amended document as the operative request for a preliminary injunction.

[3] I set this matter for hearing on May 8, 2025. Dkt. No. 18 (Order Setting Briefing Schedule and Hearing Date). After considering the papers submitted, I determined that this matter was suitable

2

# BACKGROUND

## I.  RELEVANT FACTS

On October 19, 2022, Guillory was charged with failing to update his sex offender registration annually, as mandated by California Penal Code section 290.012(a) (Felony).  He is required to update it within five working days of his birthday, based on his felony conviction and juvenile adjudication for Attempted Rape, California Penal Code section 261(a)(2), in 1995.  He failed to do so.  RJN Exs. 1, 2.  He has also been convicted of other serious and/or violent felonies between 1995 and 2005, making him subject to sentencing pursuant to California Penal Code section 667(b)-(j) (the "three strikes" law) and Penal Code section 1170.12(c)(1) (which provides sentencing modifications for individuals with prior serious or violent felony convictions).

As a condition of his parole from his violation of Penal Code section 290.012(a), the parole office in Contra Costa County (through Guillory's parole officer, Carlos De Jesus) required Guillory to join the Hope Program sex offender treatment program and attend sessions twice a week.  Dkt. No. 6 (Amended Complaint) at 1.  Guillory has been told that his parole will be revoked if he does not participate in the program.

## II.  PRELIMINARY INJUNCTION REQUEST

Guillory requested the preliminary injunction on April 15, 2025, as part of his response to the Contra Costa defendants' request for more time to answer his complaint.  Dkt. No. 15.  He stated that he "should not have to participate in a sex offender program, or continue disclosing my juvenile adjudication in front of convicted child molesters." Dkt. No. 15 at 1.  He declared that forcing him to do so is "the same as having a child interact with child molesters," and described the requirement as "extremely cruel and unusual" in violation of the Eighth Amendment.  He also said that he "should not have to continue these classes while the lawsuit is ongoing." *Id.* Presumably, by "the lawsuit," he refers to this lawsuit, which he filed against the defendants, challenging the conditions of his parole, on January 3, 2025.  Dkt. No. 1 (Complaint); Dkt. No. 6 (First Amended Complaint, filed February 18, 2025).

---

for disposition without oral argument.  As such, the hearing set for May 8, 2025, is VACATED. *See* Civ. L.R. 7-1(b).

After Guillory filed his first preliminary injunction request, I issued an order setting a briefing schedule and hearing date for his motion. Dkt. No. 18 (Scheduling Order). Soon thereafter, Guillory amended his request to include more detail about his situation and the laws he believes are at issue in the case. Dkt. No. 23-1; *see supra*, n.1. The Contra Costa defendants responded on April 29, 2025. Dkt. No. 26 (Opposition/Response, hereafter "Oppo.").

## LEGAL STANDARD

To obtain preliminary relief such as a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

## DISCUSSION

### I. LIKELIHOOD OF SUCCESS ON THE MERITS

Guillory argues that the condition of his parole requiring him to attend sex offender group classes through the Hope Program violates the Eighth Amendment in that it is cruel and unusual punishment. His claims lack merit. The Contra Costa defendants have shown that they are immune from his claims and the claims are not supported by the facts alleged in Guillory's First Amended Complaint or his preliminary injunction request.

#### A. Absolute immunity for parole officer

Guillory's claim against De Jesus is barred by the parole officer's absolute immunity from suits arising out of that officer's imposing conditions of parole. Judicial officers and prosecutors are entitled to absolute immunity from civil rights suits when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976). The Ninth Circuit has repeatedly held that parole officers are absolutely immune from suit arising from "the imposition of parole conditions" under a theory of quasi-judicial absolute immunity. *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004); *see also Anderson v. Boyd*, 714 F.2d at 909; *see also Thornton v. Brown*, 724 F.3d 1255, 1259 (9th Cir. 2013); *see also Chavez v. Robinson*, 12 F.4th 978, 997 (9th Cir. 2021). "This immunity applies even where parole

4

officers 'impos[e] allegedly unconstitutional parole conditions.'" *Chavez v. Robinson*, 12 F.4th at 997 (citing *Thornton v. Brown*, 757 F.3d 834, 839–40). Because this case only concerns the imposition of Guillory's conditions of parole—specifically, that he participate in a sex offender treatment program—De Jesus is immune from Guillory's claims.

### B. Eleventh Amendment immunity for parole office

Guillory's Eighth Amendment claim against the Division of Adult Parole Operations is barred by the Eleventh Amendment, which provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State unequivocally consents to waive its sovereign immunity or Congress abrogates it. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250 (9th Cir. 1992); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

The United States Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. at 166. While the pleading is a bit muddled, the Division of Adult Parole Operations is part of the California Department of Corrections and Rehabilitation, an agency of the state; the Contra Costa County parole office, out of which the Division of Adult Parole Operations operates, is a CDCR field office. *See supra*, n.1. To the extent that Guillory names the local Contra Costa County parole office as a defendant in its official capacity, the real party in interest is still the State of California. Likewise, since the CDCR is a State entity, Guillory's individual capacity claim against the local parole office is also effectively against the State of California.

A governmental agency that is an arm of the state is not a person for purposes of § 1983.

*Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (explaining agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). The parole office in Contra Costa is an arm of the California Department of Corrections and Rehabilitation. All of this means that it is immune from Guillory's suit under the Eleventh Amendment.

### C. Guillory has not pleaded facts that, if true, would support his Eighth Amendment claim

Even if the Contra Costa defendants were not immune, the facts, as pleaded, do not support an Eighth Amendment claim against any of the defendants.[4]

Pursuant to Cal. Penal Code section 3052, "[t]he Board of Parole Hearings shall have the power to establish and enforce rules and regulations under which inmates committed to state prisons may be allowed to go upon parole outside the prison buildings and enclosures when eligible for parole." Cal. Penal Code § 3052. "The Board of Prison Terms upon granting any parole to any prisoner may also impose on the parole any conditions that it may deem proper." *Id.* § 3053. Parolees may also be subject to special conditions, including psychiatric treatment programs, mandatory abstinence from alcohol, residence approval, and "[a]ny other condition deemed necessary by the Board [of Parole Hearings] or the Department [of Corrections and Rehabilitation] due to unusual circumstances." Cal. Code Regs. Tit. 15, § 2513 (Special Conditions of Parole). There is a "general presumption of constitutionality of statutes." *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1133 (9th Cir. 2021).

Guillory is subject to both general and specific conditions of parole. Public records attached to Contra Costa's response show that Guillory was convicted of Penal Code section

---

[4] Although defendant Hope Program has not responded to Guillory's request for a preliminary injunction nor entered an appearance in this case, Guillory's claim against it mirrors his claim against the Contra Costa defendants, and he has not shown that it is likely to prevail on its merits.

6

290.012(a) and was convicted of Penal Code section 261(a)(2)-attempted.[5] California Penal Code section 290 requires participation in a Sex Offender Treatment Program. Guillory has not shown why he would be exempted from that requirement. *See generally* Dkt. No. 15. He states that he was never convicted of a sex offense and that Contra Costa added convictions to his "Static-99R," which is an actuarial risk assessment instrument for predicting the risk of sexual recidivism in adult male sex offenders. He offers no evidence of this. The evidence produced by Contra Costa shows that Guillory was convicted of a violation of Penal Code section 290.012(a), failing to register as a sex offender. Dkt. No. 26-2, Ex. A. And the Felony Information from the same case shows that Guillory was convicted of at least one count of attempted rape in 1995. Dkt. No. 26-2, Ex. B. The facts as pleaded, together with the record before me, does not suggest that the conditions of Guillory's parole are unreasonable, much less that they rise to the level of cruel and unusual punishment under the Eighth Amendment.

Guillory also argues that Contra Costa and the Hope Program together are "illegally forcing [him] to disclose [his] juvenile adjudication in front of convicted child molesters," which he describes as a "traumatic experience." Dkt. No. 23 at 1. He argues that this is a "violation of [his] privacy rights and a form of harassment." *Id.* In support, he argues that "[j]uvenile adjudications are confidential and protected by both state and federal laws." *Id.* He cites 18 U.S.C. § 5038, "Use of juvenile records," which lays out the constrained circumstances when juvenile delinquency records may be shared. *See* Dkt. No. 23-1 at 2. He also cites California Welfare and Institutions Code section 827, which creates a framework around the confidentiality of juvenile case files. It is unclear whether Guillory is challenging this perceived violation of his privacy rights as a separate statutory violation or as part and parcel of his Eighth Amendment claim. Either way, he has not offered authority to support his position. He has offered no statute or caselaw suggesting that California's privacy laws around juvenile adjudications apply to his

---

[5] The Contra Costa defendants ask that I take judicial notice under Federal Rule of Evidence 201(b)(2) of the existence and content of the abstract judgment in *People v. Guillory*, Superior Court of California, County of San Mateo, Case No. 22-NF012889-A (Dkt. No. 26-1, Ex. A), and of the felony information in *People v. Guillory*, Superior Court of California, County of San Mateo, Case No. 22-NF-012889-A (Dkt. No. 26-1, Ex. B). These documents are in the public record and their authenticity is uncontested. I will take judicial notice of them.

situation to supersede the parole office's authority to impose parole conditions like the one to which he is subject.

## II. IRREPARABLE HARM

Because Guillory has not met his burden of showing the likelihood of success on the merits of his Eighth Amendment claim, preliminary injunctive relief must be denied regardless of the remaining *Winter* factors, including irreparable injury, balance of hardships, or the public interest. *Winter*, 555 U.S. at 20, 129 S.Ct. 365 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the public interest.") (emphasis added). Nevertheless, I will address the question of whether Guillory has shown he is likely to suffer irreparable harm if the conditions of his parole are not enjoined: he has not.

For a court to grant a temporary restraining order, "[t]he plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' [internal citations omitted.]" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). Guillory argues that, absent an injunction, he will continue to be forced to relive offenses he committed as a juvenile and interact with child molesters, and he will suffer the reputational and emotional harm of being enrolled in a sex offender treatment program. Dkt. No. 23-1 at p. 5. But these things will occur in the context or as a result of a treatment program in which he appears to be lawfully enrolled as a condition of his parole. The Board of Parole Hearings is statutorily authorized to "impose on the parole any conditions that it may deem proper." Cal. Penal Code § 3053; *see also* Cal. Penal Code § 3052. Because the terms of Guillory's parole appear reasonable given the nature of the conviction from which they arise, *see* discussion *supra* Section I(C), he is unlikely to be able to show that the defendants' procedures were "constitutionally inadequate," meaning that their continued enforcement does not risk infringing upon his constitutional rights. *See Wilkinson v. Austin*, 545 U.S. 209, 221-223 (2005) (discussing where a liberty interest in avoiding particular conditions of confinement may arise, and

explaining that the "touchstone of the inquiry into the existence of a protected, state-created liberty interest" is the "nature of [the] conditions themselves" when compared to the "ordinary incidents of prison life.").

Indeed, granting Guillory's request risks imposing irreparable harm upon the state of California and its system of parole. The state of California has a "substantial interest" in enforcing validly enacted statutes, and enjoining that enforcement would cause "irreparable harm" to the State. *See Maryland v. King*, 567 U.S. 1301, 133 S.Ct. 1, 3, 183 L.Ed.2d 667 (2012) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."). It faces irreparable harm if I limited the validity and enforceability of California Penal Code sections 290, 3052, 3053, 3056, 3060.5, and 3067.

### III.  PUBLIC INTEREST/BALANCE OF EQUITIES

The remaining *Winter* factors do not favor granting preliminary injunctive relief either. It is not in the public interest to abrogate what appear to be validly enacted laws. The requirement that Guillory participate in a sex offender treatment class as a condition of his parole for violating an annual reporting requirement is consistent with the California Penal Code sections discussed above. *See* discussion *supra* sections I, II. The balance of equities weighs against a preliminary injunction for similar reasons; Guillory has not shown that the challenged condition of parole is unlawful or unconstitutional or that he faces any other form of irreparable harm absent an injunction, but Contra Costa has shown that his requested relief risks damaging the state of California and the integrity of the parole system. If I were to enjoin Contra Costa from imposing and implementing these lawful conditions of parole, such an order would pose a threat to the Division of Adult Parole Operation's ability to supervise parole consistently and efficiently.

### CONCLUSION

For the foregoing reasons, Guillory's request for a preliminary injunction or temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: May 7, 2025

William H. Orrick
United States District Judge