UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUEL GUILLORY,<br><br>   Plaintiff,<br><br>  v.<br><br>CONTRA COSTA COUNTY PAROLE, et al.,<br><br>   Defendants. | Case No. 25-cv-00084-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 27, 31, 32 |

Pro se plaintiff Andrew Samuel Guillory ("Guillory") filed this action on January 3, 2025, against his parole officer, defendant Carlos DeJesus, and the Division of Adult Parole Operations ("DAPO"), which is part of the California Department of Corrections and Rehabilitation (the "CDCR"), (together, the "Contra Costa defendants"), challenging the condition of his parole that requires him to participate in a sex offender group therapy program facilitated by the HOPE Program.[1] He believes that the condition constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and violates his constitutional right to due process and equal protection because it forces him to disclose what he says was a "juvenile adjudication" in front of "convicted child molesters." He also claims that the defendants' disclosure of records pertaining to that "juvenile adjudication" in the context of his participation in the HOPE Program violates the California Welfare and Institutions Code sections 827 and 828.

Guillory previously asked for preliminary injunctive relief preventing the defendants from enforcing the challenged condition of his parole. I denied his request, explaining that his claims

---

[1] The HOPE Program is also a defendant in this case, though it has never entered an appearance, and is currently the subject of a Motion for Default Judgment Guillory filed. Dkt. No. 31. I address the issue of default judgment *infra*, Section I.

were not likely to prevail on their merits because, among other things, DeJesus is entitled to absolute immunity for claims like Guillory's, which arise out of DeJesus's imposition of parole conditions, and DAPO is immune from Guillory's claims under Eleventh Amendment.

The Contra Costa defendants now move to dismiss Guillory's complaint. Their motion is granted. DeJesus is entitled to the absolute immunity afforded to parole officers engaging in their duties, and DAPO is entitled to Eleventh Amendment immunity. Moreover, Guillory's claims, as pleaded, are implausible. He is on parole for a violation of California Penal Code section 290.012(a), having failed to register as a sex offender after being convicted of "at least one count of Attempted Rape" in 1995. He does not contest that he failed to register as a sex offender. California Penal Code section 290 requires his participation in a Sex Offender Treatment Program. Accordingly, the condition of parole that Guillory challenges—that he attend a sex offender treatment program—is likely reasonable, particularly considering the broad deference afforded to parole offices determining such conditions. I will give Guillory leave to amend his complaint one more time, to clarify claims relating to alleged falsification of documents that he raises for the first time in opposition to the Contra Costa defendants' motion.

## BACKGROUND

### I. RELEVANT FACTS

On October 19, 2022, Guillory was charged with failing to update his sex offender registration annually, as mandated by California Penal Code section 290.012(a) (Felony). He is required to update it within five working days of his birthday, based on his felony conviction and juvenile adjudication for Attempted Rape, California Penal Code section 261(a)(2) in 1995. He failed to do so. Defendants' RJN ("Defs' RJN") [Dkt. No. 26-1] Exs. A-B.[2] Guillory had also

---

[2] The defendants request that I take judicial notice of two documents that they submitted as part of their opposition to Guillory's request for a preliminary injunction. *See* Dkt. No. 26-1 (Defs' RJN). The first is the abstract of judgment in *People v. Guillory*, Superior Court of California, County of San Mateo, Case No. 22-NF012889-A, which indicates that on April 21, 2-23, Guillory pleaded to one count of violation of Cal. Penal Code § 290.012(a), Failure to Register as a Sex Offender. Defs' RJN, Ex. A. As this document is a matter of public record and its authenticity is not subject to dispute, I will take judicial notice of it. The second is the felony information in the same case, *People v. Guillory*, Superior Court of California, County of San Mateo, Case No. 22-NF012889-A. Defs' RJN, Ex. B. It is also a public record, and its authenticity is not subject to dispute. I take judicial notice of it as well.

been convicted of other serious and/or violent felonies between 1995 and 2005, making him subject to sentencing pursuant to California Penal Code section 667(b)-(j) (the "three strikes" law) and Penal Code section 1170.12(c)(1) (which provides sentencing modifications for individuals with prior serious or violent felony convictions).  Defs' RJN, Ex. B.

As a condition of his parole from his violation of Penal Code section 290.012(a), the parole office in Contra Costa County (through Guillory's parole officer, Carlos DeJesus) required Guillory to join the HOPE Program sex offender treatment program and attend sessions twice a week.  Dkt. No. 6 (Amended Complaint, or "AC") at 1.  Guillory has been told that his parole will be revoked if he does not participate in the program.

## II.     ALLEGATIONS

In his Amended Complaint, Guillory alleges that participation in the HOPE Program violates his constitutional rights and also California Welfare and Institutions Code sections 827 and 828.  AC at 1.  He says that DeJesus "shared [his] protected, and confidential juvenile adjudication with the HOPE Program," which he believes violates California state confidentiality laws pertaining to juvenile records, and that the HOPE Program "forced [him] to look at photographs of children, and the person showing me the photographs asked [him] if [he] want[ed] to have sex with those children," which he believes constitutes cruel and unusual punishment in violation of the Eighth Amendment.  AC at 1.  Guillory claims that "[b]eing forced to discuss [his] protected, and confidential juvenile adjudication in front of convicted child molesters could put [him] at risk," and characterizes the rehabilitation program as "excessive and disproportionate punishment" for a juvenile adjudication that occurred "decades" ago.  *Id.*

In the opposition that he filed in response to the Contra Costa defendants' motion to dismiss, Guillory includes new allegations.  *See* Opposition ("Oppo.") [Dkt. No. 34].[3]  He states: "I want to be clear that I am accusing Contra Costa County parole, and Carlos DeJesus of defamation, slander, and falsification of records."  *Id.* at 1.  He states that "[e]verything that was

---

[3] Guillory filed his opposition seven days late.  Given his status as a pro se plaintiff, I have accepted his late-filed response and do not hold its tardiness against Guillory in any way.

1  recorded on video and the static 99 report meets these criteria, and the statements made by Contra
2  Costa County parole on video at my containment meeting at the Hope Program also meets these
3  criteria." *Id.* Here, Guillory is seemingly expanding upon something that he included in the
4  context of seeking a preliminary injunction, where he contended that he was never convicted of a
5  sex offense and that Contra Costa County had added convictions to his "Static-99R." *See* Dkt. No.
6  15 (Opposition/Response re Motion for Extension of Time and Motion for Preliminary Injunction)
7  (alleging that the parole office added claims to his Static-99R report, and then "illegally shared" it
8  with the HOPE Program).

9  A Static-99R is an actuarial risk assessment instrument for predicting the risk of sexual
10 recidivism in adult male sex offenders. Guillory attached something entitled "Static-99R 2016
11 Screening," (which appears to be a report generated on May 18, 2023), to his preliminary
12 injunction request; he claimed that the convictions listed within the report were falsely added. *See*
13 Dkt. No. 15, at p. 2. The attached Static-99R report details Guillory's past sex offenses, including
14 a conviction for Attempted Rape in 1995. *See id.* It also states that while on parole in 2013,
15 Guillory was arrested and returned to CDCR custody for 180 days for Sexual Battery and Use of
16 Alcohol. *Id.* At the June 11, 2025, hearing on the Contra Costa defendants' motion to dismiss,
17 Guillory stated again that everything on the Static-99R was falsified and that its contents are
18 defamatory. It is unclear whether Guillory claims that *all* information on the Static-99R report is
19 "falsified" or amounts to "defamation" or "slander," or only some of the information is. It is also
20 not clear from the Amended Complaint or Guillory's representations at the hearing *whom* he
21 believes is responsible for this alleged falsification.

22 **III.    PROCEDURAL HISTORY**

23 Guillory filed his initial complaint on January 3, 2025. Dkt. No. 1. Upon review,
24 Magistrate Judge Thomas Hixson found the complaint to be deficient because it did not comply
25 with Rule 8, nor did it state a cognizable claim against the defendants. Dkt. No. 4. Judge Hixson
26 ordered Guillory, if he was able, to file an amended complaint by February 21, 2025, including all
27 facts and claims to be presented, and complying with Rule 8. Dkt. No. 4. Guillory filed an
28 Amended Complaint, which provided more clarity as to his allegations, but was still deficient in

4

most ways; for example, it was not clear from the Amended Complaint whom Guillory meant to name as defendants. Dkt. No. 6 (Amended Complaint or "AC"). Guillory, upon Judge Hixson's request, clarified who the defendants were, and those defendants—the Contra Costa Parole Office, Parole Officer DeJesus, and the HOPE Program—were served.[4] Dkt. Nos. 8, 9.

On April 11, 2025, the Contra Costa defendants filed a motion for extension of time to file a dispositive motion. Dkt. No. 13. In opposing that motion, Guillory also requested preliminary injunctive relief to enjoin the defendants from forcing him to participate in the HOPE Program during the pendency of this lawsuit. Dkt. No. 15 (Opposition/Response and Motion for Preliminary Injunction).

After considering the papers submitted, I denied Guillory's motion for a preliminary injunction. I explained that he had not shown that he was likely to prevail on the merits of his case because, among other things, the condition of parole he challenged—that he attend a sex offender treatment program—was likely reasonable, considering his section 290.012(a) violation and the broad deference afforded to parole officers in determining conditions of parole. Moreover, I found that the Contra Costa defendants were in all likelihood immune from Guillory's claims. Dkt. No. 28 (Order Denying Preliminary Injunction). The other factors courts weigh when considering whether to afford preliminary injunctive relief also disfavored Guillory. *Id.* The defendants moved to dismiss Guillory's claims shortly thereafter.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4] As I mentioned above, and address shortly, the HOPE Program has yet to respond to Guillory's complaint; Guillory has moved for default judgment against it. Dkt. No. 31.

1  570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility
2  that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint
3  must therefore provide a defendant with "fair notice" of the claims against it and the grounds for
4  relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

**I.    THE HOPE PROGRAM**

Guillory named the HOPE Program as a defendant in this action. It was served with the Summons and Complaint on March 25, 2025, Dkt. No. 12, and failed to appear or otherwise respond by the time prescribed by the Federal Rules of Civil Procedure. The Clerk entered a notice of Entry of Default. Dkt. No. 25 (entered on April 29, 2025). On May 14, 2025, Guillory filed a motion for default judgment as to the HOPE Program. Dkt. No. 31. It has not responded to that motion. At the hearing on June 11, 2025, counsel for the Contra Costa defendants explained that he does not represent the HOPE Program and has no information about its participation (or lack thereof) in this lawsuit.

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against the defendant in default. While default judgments are ordinarily disfavored because "[c]ases should be decided upon their merits whenever reasonably possible[,]" *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citations omitted), the district court's decision as to "whether to enter default judgment" is "discretionary." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Guillory asserts claims against both the Contra Costa defendants insofar as they ordered his participation in the HOPE Program, and against the program itself. While his allegations are often unclear regarding whether he is accusing the Contra Costa defendants, the HOPE Program, or both of violations of his privacy and unconstitutional behavior, it is apparent that Guillory seeks to hold the HOPE Program liable for the wrongs he perceives as having been done against him separate from the Contra Costa defendants.

Accordingly, the HOPE Program is ORDERED to respond to Guillory's default judgment motion by **August 11, 2025**. I will hold a hearing on this matter on **August 20, 2025, at 2:00 PM**, via Zoom videoconference, which counsel for the HOPE Program should attend. I will rule on the question of default judgment after the hearing.

## II.     SUFFICIENCY OF THE PLEADINGS

Federal Rule of Civil Procedure 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The Contra Costa defendants argue that the Amended Complaint still does not adhere to Rule 8. But Guillory has clarified whom he intends to sue, he has identified that he believes his Eighth Amendment, due process, and equal protection rights have been violated, and that some (or all) of the defendants have violated California state privacy laws pertaining to juvenile adjudication records. Given Guillory's pro se status and the defendants' evident ability to respond to his allegations with cognizable defenses, I will address his claims. I am dismissing them as discussed below.

## III.    CONTRA COSTA DEFENDANTS' IMMUNITY

As I explained in the order denying Guillory's preliminary injunction request, the claims against the Contra Costa defendants fail because they are barred by the absolute immunity afforded to parole officers like DeJesus, and by the Eleventh Amendment, which bars suit against

1   DAPO as a state entity.  Nothing has changed since that order.

### A. Absolute immunity for parole officer

It is well-settled that judicial officers and prosecutors are entitled to absolute immunity from civil rights suits when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976).  The Ninth Circuit has held repeatedly that parole officers are absolutely immune from suit arising from "the imposition of parole conditions" under a theory of quasi-judicial absolute immunity.  *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004); *see also Anderson v. Boyd*, 714 F.2d at 909; *see also Thornton v. Brown*, 724 F.3d 1255, 1259 (9th Cir. 2013); *see also Chavez v. Robinson*, 12 F.4th 978, 997 (9th Cir. 2021).  "This immunity applies even where parole officers 'impos[e] allegedly unconstitutional parole conditions.'" *Chavez v. Robinson*, 12 F.4th at 997 (citing *Thornton v. Brown*, 757 F.3d 834, 839–40).  To the extent that Guillory's allegations against DeJesus solely concern the imposition of Guillory's conditions of parole—specifically, the mandate that Guillory participate in the HOPE Program sex offender treatment program—DeJesus is immune from Guillory's claims.

In his opposition, Guillory states that he is "accusing Contra Costa County parole, and Carlos de Jesus [sic] of defamation, slander, and falsification of records." Dkt. No. 34.  He contends that DeJesus "added an embezzlement charge" to the Static-99R report "that [he] [has] never been charged or convicted of." *Id.*  These allegations are not reflected in his Amended Complaint.  The Contra Costa defendants do not respond to them in their opposition papers.  At the hearing, counsel for the Contra Costa defendants pointed out that Guillory has offered nothing beyond his conclusory allegation that the Static-99R was falsified to substantiate his claim.

I will give Guillory leave to amend to explain his allegations pertaining to potential falsification of the Static-99R.  He must allege the factual basis for this claim, stating what is false, how it is false, who is responsible for the falsity, and any other relevant information.

### B. Eleventh Amendment immunity for DAPO

Guillory's claims against DAPO are barred by the Eleventh Amendment, which provides that the "judicial power of the United States shall not be construed to extend to any suit in law or

8

1  equity, commenced or prosecuted against one of the United States by Citizens of another State."
2  U.S. Const. amend. XI. The Eleventh Amendment bars federal jurisdiction over suits by
3  individuals against a State and its instrumentalities, unless either the State unequivocally consents
4  to waive its sovereign immunity or Congress abrogates it. *Belanger v. Madera Unified Sch. Dist.*,
5  963 F.2d 248, 250 (9th Cir. 1992); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-
6  100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

The United States Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. at 166.

Guillory's Amended Complaint is not clear about which entities he believes committed what misdeeds, but as I explained in the prior order, DAPO is part of the California Department of Corrections and Rehabilitation ("CDCR"), an agency of the state. The Contra Costa County parole office, out of which DAPO operates, is a CDCR field office. To the extent that Guillory identifies the local Contra Costa County parole office as a defendant in its official capacity, the real party in interest is the State of California. And since the CDCR is a State entity, Guillory's claims that proceed against the local parole office in an individual capacity are also, functionally, against the State of California.

With respect to § 1983, a governmental agency that is an arm of the state is not a person. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (explaining agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). The United States Supreme Court has held that a state's agency that is responsible for incarceration and correction of prisoners is a state agency for the purposes of the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).

Because the parole office in Contra Costa is an arm of the CDCR, it is immune from

1    Guillory's suit under the Eleventh Amendment.  Amendment of the claims against DAPO would

2    be futile, given their nature and DAPO's immunity.  They are dismissed with prejudice.

## IV.     GUILLORY HAS NOT STATED A PLAUSIBLE CLAIM

Even if the Contra Costa defendants were not immune from Guillory's claims, he has not plausibly alleged that the challenged parole condition is unconstitutional, that the defendants' use of his juvenile adjudication records in the context of the treatment program violates federal or state law, or that the defendants have falsified records.

### A.     The conditions of Guillory's parole appear lawful

The California Penal Code section 3053 provides that "The Board of Parole Hearings shall have the power to establish and enforce rules and regulations under which inmates committed to state prisons may be allowed to go upon parole outside the prison buildings and enclosures when eligible for parole, and "[t]he Board of Prison Terms upon granting any parole to any prisoner may also impose on the parole any conditions that it may deem proper."  Cal. Penal Code § 3053.  And parolees may be subject to special conditions, which include but are not limited to psychiatric treatment programs, and "[a]ny other condition deemed necessary by the Board [of Parole Hearings] or the Department [of Corrections and Rehabilitation] due to unusual circumstances.'"  Cal. Code Regs. Tit. 15, § 2513; *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1133 (9th Cir. 2021).  There is a "general presumption of constitutionality of statutes." *Decker*, 8 F.4th at 1133.

Public records show that Guillory was convicted of Penal Code section 290.012(a) and was convicted of Penal Code section 261(a)(2)-attempted.  *See* Defs' RJN, Exs. A-B.  California Penal Code section 290 requires participation in a Sex Offender Treatment Program.  Guillory has not shown why he would be exempted from that requirement.  In his preliminary injunction request, he stated that he was never convicted of a sex offense and Contra Costa added convictions to his Static 99-R; in opposing Contra Costa's motion to dismiss, he contends that Contra Costa falsified records and defamed him, and states that he has "never been convicted of rape by force."  Dkt. No. 34.

Putting aside, for now, that his allegations about records falsification appear for the first time outside of the four corners of his complaint, they are also contradicted by the records of

which I have taken judicial notice. Moreover, it appears that his challenged condition of parole—that he participate in the HOPE Program—is a condition imposed not because he was convicted of "rape by force," as he implies in his opposition, but because he failed to register as a sex offender as required under California law.

All facts suggest that the decision to mandate that Guillory participate in a sex offender treatment program as a condition of his parole for violation of Cal. Penal Code section 290.012(a) is lawful. Guillory argues that his participation in the program "force[s] someone to relieve [sic] something traumatic from their past," and that it is "excessive and disproportionate punishment." Dkt. No. 6 at 2. While I do not doubt that he is troubled by his mandatory participation in the HOPE Program as a condition of his parole, he offers no authority, and I know of none, suggesting that it is unlawful.

### B. The California Welfare and Institutions Code does not afford Guillory relief

Guillory also alleges that the subject of his juvenile convictions violates the Due Process and Equal Protection clauses of the United States Constitution. He offers no authority to support this conclusion, and it is implausible considering the foregoing analysis. *See* discussion *supra*, Sections III, IV. His only legal support for this conclusion is to cite California Welfare and Institutions Code sections 827 and 828; however, neither statute addresses parole or sex offender treatment programs. They concern how a minor's case file might be properly inspected. Cal. Welf. & Inst. Code §§ 827-828. Nothing suggests that those sections apply to preclude the Contra Costa defendants from providing copies of legal documents relevant to a parolee's participation in a sex offender treatment program to the facilitator of that program. Taking all the facts that Guillory has alleged to be true, he has not illustrated a cognizable claim for unconstitutional parole conditions.[5]

### C. Falsification of records

Throughout his preliminary injunction motion and his response to the Contra Costa

---

[5] The Contra Costa defendants also argue that they are entitled to qualified immunity. Because I have already decided that Guillory's individual parole officer DeJesus is entitled to absolute immunity and the Department of Adult Parole Operations is entitled to Eleventh Amendment immunity, I need not reach the issue of qualified immunity.

11

1  defendants' motion, Guillory has alluded to falsification of his Static-99R report. *See* Dkt. Nos.

2  15, 23, 34. He has not included allegations about this in his Amended Complaint. *See generally*,

3  AC. If Guillory is able to plead facts that support his allegation that the defendants somehow

4  changed or falsified his Static-99R report, he may amend his complaint. If he chooses to amend,

5  he should include facts explaining who he believes falsified his record and when it was falsified,

6  why he believes it has been falsified, and what impact he believes that falsification has on the core

7  issue of this case: the defendants' imposition of the parole condition that Guillory attend a sex

8  offender treatment class.

## CONCLUSION

For the foregoing reasons, the Contra Costa defendants' motion is GRANTED. The claims against DAPO are dismissed with prejudice because they are barred by the Eleventh Amendment. Guillory may amend his complaint within 30 days of the date below to clarify his allegations against the other defendants regarding falsification of records.

**IT IS SO ORDERED.**

Dated: July 16, 2025

William H. Orrick
United States District Judge