UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW SAMUEL GUILLORY,
Plaintiff,

v.

HOPE PROGRAM,
Defendant.

Case No. 25-cv-00084-WHO

**ORDER RESOLVING PENDING MOTIONS**

Re: Dkt. Nos. 89, 90, 94, 95

There are a number of pending motions filed by plaintiff Andrew Samuel Guillory ("Guillory") in this matter, including a request for leave to file a supplemental complaint, a motion for a temporary restraining order ("TRO"), a motion for extension of discovery, and a motion to file medical documents under seal. I address and resolve each motion below.

## I. MOTION FOR LEAVE

Guillory first moves to file a Second Supplemental Complaint that would add a First Amendment retaliation cause of action against defendant the HOPE Program ("HOPE") based on "newly discovered documentary evidence." Motion for Leave [Dkt. No. 89-1] at 1. Guillory alleges that HOPE's assessor, Amy Groven, "assigned Plaintiff a deficit score of '1'" in his November 22, 2025 Interim Assessment Report, "penalizing him clinically because he 'ruminated during the assessment about his . . . previous arrest record' and 'the unfairness he feels about his legal situation.'" *Id.* at 2. He claims that HOPE "weaponized" his protected speech by "classifying it as a psychological deficit" to "deny his titration and restrict his liberty." *Id.* at 3.

Federal Rule of Civil Procedure 15(d) notes that a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) is intended to give

district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Because Rule 15(d) is a "tool of judicial economy and convenience," its use is "favored." *Id.* But this "cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

Guillory has been aware of the Interim Assessment Report for some time. He has filed discovery disputes and requests for leave prior to this motion to address other concerns raised in the Interim Assessment Report. *See, e.g.*, Dkt. No. 78 (expressing concern about the Interim Assessment Report containing "the exact same fraudulent data" as the Static-99R risk assessment on April 22, 2026). I have also granted leave for Guillory to amend his complaint and "add facts concerning events that have happened since the filing of the initial complaint," including the Interim Assessment Report. *See* Dkt. No. 83. Guillory has now had the time and opportunities to access and dispute the Interim Assessment Report, but he has failed to do so. To allow Guillory to continue to file "supplemental complaints" and add a retaliation claim now would cause undue delay to HOPE, as amendment would necessitate extending discovery deadlines regarding this claim. His motion is DENIED.

## II. TEMPORARY RESTRAINING ORDER

Guillory also moves for a temporary restraining order ("TRO") to "enjoin Defendants from prosecuting a newly filed state court petition seeking to unseal [his] 31-year-old, highly confidential juvenile delinquency records." TRO [Dkt. No. 95] at 1. His request is DENIED.

The standard for issuing a TRO is largely identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Petitioners seeking such relief must establish that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of the hardships tips sharply in the plaintiff's favor and the other two Winter factors are satisfied.'" *All. for the Wild Rockies v. Peña*, 865 F.3d

1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

Although the substantive standards for both motions are similar, the timeframe for a temporary restraining order is different. While a preliminary injunction remains in effect pending final resolution of the litigation, "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)). Federal Rule of Civil Procedure 65(b)(1) allows a temporary restraining order to be issued without notice to the opposing party—*i.e.*, ex parte—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Guillory makes three independent arguments for why a protective order is warranted. None is likely to succeed on the merits. Guillory first argues that HOPE is attempting to use a "state juvenile court proceeding as a backdoor civil discovery mechanism to assess liability in a pending federal civil rights case," which is "highly improper." TRO at 2. But as HOPE points out in its opposition, "federal courts have recognized that 'juvenile records belong to the state' and, therefore, the state should be allowed an opportunity to first evaluate a request for release." TRO Oppo. [Dkt. No. 97] at 2–3 (quoting *United States v. Pretlow*, 770 F. Supp. 239, 244 (D.N.J. 1991); *see also Knight v. McDaniel*, No. 00-CV-106-H(J), 2001 WL 87436, at *1 (N.D. Okla. Jan. 29, 2011) ("[B]ased on issues of comity and federalism, the Court concludes that the parties should first request the release of such records from the appropriate state courts."). HOPE pursued its petition pursuant to California Welfare and Institutions Code § 827 and provided Guillory notice and an opportunity to reject the release of his information. *See* Declaration of Blaze Van Dine in Opposition to Motion for Protective Order ("Van Dine Decl.") [Dkt. No. 97-1] ¶ 2; *see id.* Ex. A (notice from HOPE to Guillory). Guillory has not explained how HOPE was using state

United States District Court
Northern District of California

court as a "backdoor civil discovery mechanism to assess liability," or how its conduct was improper in light of the California Welfare and Institutions Code. This claim must be denied.

So too does Guillory's second argument—that HOPE is "attempting to circumvent" my previous order placing his juvenile records under seal—fail. *See* Dkt. No. 67. Determining whether a document should be filed under seal does not mean that I have "evaluated the sensitive privacy interests involved in [Guillory's] juvenile records." TRO Mot. at 2. To the contrary, as the discussion in the next paragraph shows, I suspect the records may be directly relevant.

Guillory finally argues that HOPE is engaging in a "fishing expedition" by "[s]eeking decades-old, unadjudicated police narratives and juvenile detention notes," which "serves no legitimate discovery purpose and is designed solely to harass and embarrass Plaintiff." *Id.* I disagree. As HOPE notes in its opposition, Guillory's juvenile records are "not only tangentially relevant, [but] they form the very foundation of the parties' dispute." TRO Oppo. at 3. These records are relevant to evaluate his claim for compensatory damages.

Because Guillory cannot show a likelihood of success on the merits, I need not consider the remaining preliminary injunction factors. *Stebbins v. Polano*, No. 21-cv-04184-JSW, 2022 WL 1601417, at *4 (N.D. Cal. Mar. 8, 2022) (White, J.). Guillory's request for a protective order is DENIED.

## III. MOTION TO EXTEND DISCOVERY

Guillory also seeks a sixty-day extension of the fact discovery cutoff from August 3, 2026 to October 2, 2026, with a "corresponding extension to the dispositive motion deadlines." Dkt. No. 94 at 1. He claims that the "sole purpose of this extension is to provide [him] sufficient time to obtain vital database access logs, utilize that metadata to unmask and substitute the Doe Defendants, and properly serve those individuals with process." *Id.* at 2. Guillory has had ample time to get this information and does not show why he has been unable to secure it. This request is denied.

## IV. MOTION TO SEAL

Guillory finally seeks to place under seal the copy of his Interim Assessment Report, filed alongside his Second Supplemental Complaint as Exhibit A. Dkt. No. 90-1. Because the Interim

Assessment Report discusses Guillory's medical, psychological, and juvenile history data, Guillory's motion is GRANTED under the compelling reasons standard for sealing. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

**IT IS SO ORDERED.**

Dated: July 17, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California